Commission On Special Events — Constitutional H.B. No. 1304, 32 Oklahoma Legislature, 1st Session (1969), appropriating funds to the Special Events Commission is constitutional. However, the funds may be expended by the Commission only in accordance with all applicable legal requirements and limitations. The Attorney General has had under consideration your recent requests for an opinion regarding the legality of making expenditures pursuant to, and the constitutionality of the appropriations made by the Legislature in, H.B. No. 1304, 32nd Oklahoma Legislature, 1st Session (1969). The Commission on Special Events was created by H. B. No. 1135, 32nd Oklahoma Legislature, 1st Session (1969). Section 3 of the said H. B. No. 1135 provides for the duty of the commission and empowers it to: "(a) provide information for and direction to a program designed to preserve, encourage and promote traditional celebrations, rites and ceremonies, dances, entertainments and related activities; (b) encourage the preservation and development of arts and crafts peculiar to or traditional with divers groups of the citizenry; (c) plan programs affording an opportunity for the development of knowledge and appreciation of such arts, crafts, rites and ceremonials; (d) foster and sponsor such programs pursuant to the purposes of this act; (e) accept contributions, gifts, bequests, devises, donations and other monies, public and private, and such tangible articles for use in furthering the purposes of the Commission; (f) receive, administer and expend such funds as may be available to said Commission; (g) enter into contracts and execute all instruments necessary for goods and services pursuant to the purposes of this act; (h) act in cooperation with local, state and federal agencies, or any duly authorized agent thereof, in carrying out the purposes of this act; and (i) acquire and hold real and personal property in its own name." The appropriations to the said Commission are made in H. B. No. 1304 mentioned in your inquiry. Section 1 of said H. B. No. 1304 provides that the appropriation is for the purpose of enabling the Special Events Commission to "perform the duties and functions imposed upon and delegated to it by H. B. No. 1135." The same question was asked concerning the appropriations in Senate Ballot No. 582, 31st Oklahoma Legislature, 2nd Session. This appropriation act contained funds for many of the same Indian expositions, community festivals, celebrations. etc. as those listed in House Ballot No. 1304 except the number of such events was increased from thirty-one in the former act to forty in the latter. Our answer regarding Senate Bill No. 582, found in Attorney General's Opinion No. 68-207, found in Attorney General's Opinion No. 68-207, held all the appropriations contained in said act constitutionally invalid with the exception of $5,500.00 to the Western Plains Indian Arts and Crafts Commission and in connection therewith we said: "The Legislature has created said Commission, prescribed its powers and duties. The provisions of Section 141, et seq., 53 O.S. 141 [53-141] (1968), et seq. must be complied with and the funds so appropriated to the Commission expended according to law. . . . The appropriation to said Commission is constitutionally valid." There would likewise appear to be no constitutional objection to the appropriation of money to a lawfully created commission or agency to expend moneys of the public for legitimate public needs or functions. There could be no purpose more legitimately public in nature than support of the traditions, arts, crafts, rites, and ceremonials which are all the more important to preserve in our State because of the rich diversity of the heritage of our people. With regard to whether the particular events specified in said H. B. No. 1304 fall within this public purpose, we are mindful of the primary legislative prerogative in declaring public purposes. In the words of an early eminent constitutional scholar, "As the terms are used in reference to taxation, what is for the `public good,' and what are `public purposes,' and what does constitute a `public purpose,' are questions which the Legislature must decide upon its own judgment, and in respect to which it is vested with a large discretion which cannot be controlled by the courts, except, perhaps, where its action is clearly evasive, and where, under pretense of a lawful authority, it has assumed to exercise one that is unlawful." Cooley, Constitutional Limitations 128-29, quoted in Walker v. City of Cincinnati, 21 Ohio St. 14, 42. Certainly, the mere fact that the appropriation bill specifies a limited number of such festivals for which the money might be expended by the Commission, does not invalidate it. In Sheldon v. G.R.D.A. et al, 182 Okl. 24, 76 P.2d 355
(1938), noted in 12 Okl. L. Rev. 151 (1959), our Supreme Court stated at page 25 of the official report, quoting from Corpus Juris: "Where a statute which is applicable to all of the people of the state and which operates in all parts of the state is most general in its character, it is not necessary that a law, in order to be general, shall affect all of the people of the state, or all of the state, nor need it include all classes of individuals; it may be intended to operate over a limited number of persons or things, or within a limited territory, and if every person or locality brought within the relations and circumstances provided for by the law is affected, the law may be general although presently operative on but a single individual, or thing, place, or political subdivision, such as a county or municipal corporation; and its general character is not affected by the number of persons, things, or localities which come within the scope of its operation." With respect to the question of expenditures by the Commission, we would note that the Commission is given specific powers and duties as set out above, and it must not exceed the authority given it in making expenditures. Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law. See Brown v. State Election Board, Ok 1., 369 P.2d 140. We would further point out that expenditures must also be made within the confines of the many constitutional and other stringent legal requirements which apply to any expenditure of public funds, which can only be made by properly authorized public officials. The foregoing all considered, it is the opinion of the Attorney General that H. B. No. 1304, 32nd Oklahoma Legislature, 1st Session (1969) is constitutional. However, the funds may be expended by the Commission only in accordance with all applicable legal requirements and limitations. (Dell Gordon)